Sedgwick, J.
This is an action on a policy of insurance for 15,000 dollars, on certain goods on board the schooner Samuel, from Boston to Rio Janeiro, the goods being valued at the sum insured.
At the trial, the interest of the assured in the merchandise on board the schooner was proved ; and it was also proved that, by the laws of Portugal, all trade at that time by Americans at Rio Janeiro was prohibited ; although vessels frequently cleared out for, and went to, that port, where an illicit trade was carried on.
By the evidence, and the verdict of the jury, it appears that while the vessel was pursuing her voyage, she was obliged by misfortune and necessity to put into a Portuguese port on the Brazil coast, where she was first seized by the people of the country, and afterwards taken possession of by the governor of the district, the crew sent prisoners to Lisbon; and, although the captain and supercargo used all possible exertions therefor, neither the schooner nor the * merchandise on board has ever been [ * 238 ] restored. The property insured being in this situation, an offer to abandon it to the underwriters had been duly made. There has been no trial, nor even any prosecution for the condemnation of the vessel or cargo, before any judicial court.
There were in evidence the declarations of the Portuguese officers of the cause of the detention, — that it was because the destination was to Rio Janeiro, with an intent to carry on traffic in opposition to the laws of Portugal. But this is no evidence of the intention *194 alleged; and if it was, it could have no tendency, in our opinion, io discharge the underwriter.
It is true that all trade, by the people of this country, at Rio' Janeiro, was, at the time the policy was underwritten, prohibited. This, it must be presumed, was then as well known to the insurers as to the assured. With this knowledge, the defendant undertakes that the merchandise insured shall be safely carried there. What was the purpose of going to Rio Janeiro we have no information.
It is true that a capture for illicit trade, or attempting it, is not insured against, unless the risk be expressly or impliedly assumed. But in this case, there is no evidence of any attempt to carry on illicit trade, nor of any intention to carry it on, unless that intention may be presumed merely from going there with a cargo; of the justness of which, and of the risk incurred by it, the underwriter could form as good a judgment then as we can now.
It has been frequently determined, and particularly, during this term, in the case of Parsons vs. The Massachusetts Fire and Marine Insurance Company, that in construing and applying a contract of insurance, the nature of the trade insured, and the circumstances under which it is to be carried on, must be taken into consideration. In this case, the defendant, knowing that it was lawful to go to Rio Janeiro, but that it was unlawful to trade there, insures that the nerchandise shall be safely transported there; and on its way it is taken, under a pretence, which is not proved, [ * 239 ] * merely of an intention to trade. This certainly cannot excuse the underwriter.
It has been alleged by the counsel for the defendant, but it is not expressed in the report, that it was not known to the underwriters, that the mere destination of the vessel to Rio Janeiro, although there may have been no intent to trade there, was contrary to the laws of Portugal, and that they ought not to be liable for a loss which proceeded from that cause. We think that this, if true, would -make no difference in the result; for if the underwriters were ignorant, so was the assured; and it is not pretended that there was a concealment of any circumstance of the intended voyage. Under these circumstances, we are clear that the insurer is liable for the loss which happened, it appearing to have been incurred entirely without the fault of the assured or his agent.
Let judgment be entered upon the verdict, with additional damages, pursuant to the agreement of the parties. (2)

 [Calbraith vs. Gracie, 1 Wash. C. C. R. 219. — Livingston vs. Maryland Ins. Co 7 Cranch, 506.— Ed.]